Respectfully, I dissent. In February of 2002, appellant Shiv Syal, d/b/a Bick Vending Machines, and non-party Seaga Manufacturing entered into an agreement whereby appellant purchased vending machines. Pursuant to the agreement, Syal executed a promissory note and a security agreement. Included in the agreement was a provision whereby Syal would pay attorney fees, if any, occasioned by a default. Non-party Seaga assigned all its rights under these documents to Firestone Financial, appellee herein.
Ultimately, appellant Syal defaulted on the note, Firestone accelerated the balance, Syal returned the vending machines to Firestone, and the machines were sold resulting in a deficiency of $7,680.20. Appellant refused to pay the deficiency, and appellee instituted proceedings in the Parma Municipal Court in March 2003. In the Complaint, Firestone demanded judgment for the deficiency and $1,920 in attorney fees.
On April 23, 2003, appellant removed the action from the Parma Municipal Court to the United States District Court for the Northern District of Ohio. After many filings and attempts to join parties in the federal court, the case was returned to the Parma Municipal Court in May 2004, with a finding that the federal court lacked subject matter jurisdiction insofar as the amount in controversy did not exceed $75,000.
Once back in the Parma court, appellee Firestone filed a motion for summary judgment to which appellant responded. Summary judgment for the amount of the deficiency was granted on January 13, 2005, and a date was set to determine the amount of reasonable attorney fees. On March 16, 2005, the court found reasonable attorney fees to be $7,782.26. It is only from the attorney fee portion of the court's order that appellant appeals.
Appellant's first argument is that contracts to pay attorney fees are unenforceable in commercial transactions, and that such agreements are contrary to public policy. I fully concur with the majority: that is not the law in the State of Ohio, nor has it been for over a decade. First Capital Corp. v. G and JIndustries, Inc. (1999), 131 Ohio App.3d 106, 721 N.E.2d 1084;Gaul v. Olympia Fitness Center (1993), 88 Ohio App.3d 310,623 N.E.2d 1281; Gordon Food Service Inc. v. Ahmed, M.D. (Jan 21, 1999), Cuyahoga App. No. 74890. However, as explained below, I do depart from the majority's holding that this matter should be returned to the trial court to determine whether the agreement was made by parties with equal bargaining power, with no coercion or duress.
Appellant's second issue (apparently not addressed by the majority because of its holding to reverse and remand) is that the fees charged were not reasonable. He argues that plaintiff's counsel should have hired an attorney who officed nearer to the Parma Municipal Court, as two hours round trip drive time to attend two pretrials impermissibly ran up the bill and "to attempt to pass the bill to Mr. Syal for that decision is incredulous." (sic)
I find ample evidence that the fees charged were more than reasonable. The record is clear that the fees immediately after filing were less than $2,000. Appellant's one-year "trip" to federal court, and summary judgment practice in the Municipal Court defending a less-than $8,000 claim, resulted in the remaining fee. If there is disproportionality between the underlying judgment and the fee, it appears to be exclusively due to the activities of appellant. Accordingly, I find no merit to appellant's attack on the reasonableness or necessity of the fee.
All of the issues involving the validity of the agreement itself (duress, coercion, bargaining power, etc.) were, or should have been, resolved in the motion for summary judgment. No appeal has been taken from that ruling, and hence the validity of the contract is now the law of the case. There is no need to reverse this matter and remand it to the trial court; the ruling of the trial court is complete and without error. I would affirm.